UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> METROPOLITAN ENTERPRISES, INC. a/k/a METROPOLITAN ENTERPRISES NY and SHAI SELLAM, <br><br> Defendants. | 16 CV _____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds ("ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund ("Charity Fund")(together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation, and maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Metropolitan Enterprises Inc. a/k/a Metropolitan Enterprises NY ("Metropolitan") is a corporation incorporated under the laws of the State of New York. At relevant times, Metropolitan was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Metropolitan maintains its principal place of business at 637 Court Street, Brooklyn, New York 11231.

8. Shai Sellam ("Sellam") is/was the operator of Metropolitan. At all relevant times, Sellam was a fiduciary of the ERISA Funds as within the meaning of section 3(21) of ERISA, 29 U.S.C § 1002(21).

**BACKGROUND**

9. The New York City District Council of Carpenters ("Union") is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is or at relevant times was the certified bargaining representative for certain employees of Integrated and FALC.

10. At all relevant times, Metropolitan was a party to a collective bargaining agreement ("CBA") with the Union.

11. The CBA required Metropolitan, *inter alia*, to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12. The CBA further bound Metropolitan to the terms of the Fund's Trust Agreement and Collection policy that provided that the Funds' assets include not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to collective bargaining agreements.

13. In 2014, Metropolitan began violating the terms of the CBA by failing to make contributions to the Funds.

14. In March 2015, the Funds commenced an action against Metropolitan to collect approximately $700,000 in unpaid contributions (the "2015 Action").

15. During the 2015 Action, the Court ordered Metropolitan to submit to an audit of its books and record.

16. Subsequently, the Funds conducted an audit of the books and records of Metropolitan.

17. Before the Funds were able to finalize the audits the parties reached a settlement in the 2015 Action.

18. In June 2015, the Funds, Metropolitan, and a third-party surety executed a settlement agreement (the "Settlement Agreement").

19. The Settlement Agreement provided that the Funds reserved the right to pursue all contributions found to be due and owing over the settlement amount that were discovered during the then ongoing audit. Specifically, the Settlement Agreement stated that it:

> [did] not constitute a waiver of any rights or claims held by the Funds against Metropolitan for any amounts determined to be owed by Metropolitan as a result of the audit of the books and records of Metropolitan that is in progress and that are not included in the Settlement Amount. The Funds expressly reserve the right to pursue recovery of any outstanding amounts found by such audit that are not included in the Settlement Agreement, including but not limited to interest, liquidated damages, and fees and costs.

20. On August 28, 2015, the parties dismissed the 2015 Action.

21. In October 2015, Metropolitan fulfilled its obligations pursuant to the Settlement Agreement.

22. In December 2015, the Funds finalized the audit for the period from March 25, 2013 through May 17, 2015. After deducting the amounts included in the Settlement Agreement, the audit report revealed that Metropolitan had failed to remit contributions in the principal amount of $386,241.96.

23. After the fulfillment of the Settlement Agreement, Metropolitan began transferring its projects, equipment, manpower, and operations to other entities in an attempt to avoid its obligations to the Funds.

24. After the fulfillment of the Settlement Agreement, Sellam transferred or sold Metropolitan's projects, equipment, manpower, and operations for his personal gain.

25. At all relevant times, Sellam exercised operational control of some or all of Metropolitan's assets including discretionary control of bank accounts, contracts, equipment, and other assets.

26. At all relevant times, Sellam was responsible for deciding whether to use assets in the possession of Metropolitan to pay contributions to the Funds. Sellam decided not to use such assets to pay contributions to the Funds. Instead, Sellam took a substantial salary for himself and transferred Metropolitan's assets including projects, equipment, manpower, and operations to the other entities. In doing so, Sellam personally benefited from the utilization of plan assets.

**FIRST CLAIM FOR RELIEF**
**(Violation of the CBA by Metropolitan)**

27. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. At all relevant times, Metropolitan was a party to a CBA with the Union.

29. The CBA required Metropolitan to make specified hourly contributions to the Funds in connection with all Covered Work.

30. Metropolitan violated the terms of the CBA by failing to remit required contributions to the Funds in connection with Covered Work performed from March 25, 2013 through May 17, 2015 in the amount of $386,241.96.

31. Under the CBA and/or the documents and instruments governing the Funds, Metropolitan is liable to the Funds for delinquent contributions of approximately $386,241.96, interest thereon in the amount of approximately $32,395.35, promotional fund contributions in the amount of approximately $470.00, liquidated damages in the amount of approximately

$77,248.39, and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

**SECOND CLAIM FOR RELIEF**
**(Violation of ERISA by Metropolitan)**

32. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. At all relevant times, Metropolitan was a party to a CBA with the Union.

34. The CBA required Metropolitan to make specified hourly contributions to the Funds in connection with all Covered Work.

35. Metropolitan failed to remit required contributions to the Funds in connection with Covered Work performed from March 25, 2013 through May 17, 2015 in the amount of approximately $386,241.96.

36. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

37. Metropolitan contravened section 515 of ERISA by its failure to contribute approximately $386,241.96 to the Funds in connection with Covered Work performed from March 25, 2013 through May 17, 2015.

38. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Metropolitan is liable to the Funds for delinquent contributions of approximately $386,241.96, interest thereon in the amount of approximately $32,395.35, promotional fund contributions in the amount of

approximately $470.00, liquidated damages in the amount of approximately $77,248.39, and all reasonable attorneys' fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

**THIRD CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty against Sellam)**

39. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. The Fund's Trust Agreement and Collection Policy provide that the Funds' assets include not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to collective bargaining agreements.

41. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

42. At all relevant times, Sellam exercised operational control of some or all of Metropolitan's assets including discretionary control of bank accounts, contracts, equipment, and other assets.

43. At all relevant times, Sellam was responsible for deciding whether to use assets in the possession of Metropolitan to pay contributions to the Funds. Sellam decided not to use such assets to pay contributions to the Funds. Instead, after the execution of the settlement agreement, Sellam took a substantial salary for himself and transferred Metropolitan's assets including projects, equipment, manpower, and operations to other entities for his personal benefit.

44. Sellam was a fiduciary of the Funds within the meaning of section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

45. Sellam was a party in interest with respect to the Funds, within the meaning of section 3(14)(C) of ERISA, 29 U.S. Code § 1002.

46. By the foregoing acts and omissions, Sellam failed to discharge his duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and for the exclusive purpose of providing benefits to the Funds' participants and their beneficiaries and defraying reasonable expenses of administering the Funds, in violation of section 404(a)(1)(A) of ERISA.

47. By the foregoing acts and omissions, Sellam failed to discharge his duties with respect to the Funds with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of a like character and with like aims, in violation of section 406(a)(1)(D) of ERISA.

48. By the foregoing acts and omissions, Sellam caused assets of the Funds to be used by or for a party in interest, in violation of section 406(a)(1)(D) of ERISA.

49. By the foregoing acts and omissions, Sellam caused the Funds to suffer substantial monetary loss.

50. Under section 409(a) of ERISA, 29 U.S.C. § 1109(a), Sellam is personally liable to the Funds for all such loss, plus all profits Sellam has made and/or all earning the Funds have lost as a result of such acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendants, jointly and severally, for $562,659.66, plus interest;

(2) Award judgment to Plaintiffs against Sellam in the amount of all losses suffered by the Plaintiffs and all profits gained by Sellam.

(3) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(4) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
January 14, 2016

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____  
Adam Arthur Biggs  
40 Broad Street, 7th Floor  
New York, New York 10004  
(212) 943-9080  
*Attorneys for Plaintiffs*